# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1370V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>JACQUELINE DICKSON<br>*a/k/a* JACQUELINE BARKER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Corcoran<br><br>Filed: January 11, 2019<br><br>Attorney's Fees and Costs;<br>Reasonable Basis; Dismissed<br>Case. |

*Kathy A. Brown,* Kathy Brown Law, PLLC, Charleston, WV, for Petitioner.

*Mallori B. Openchowski,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On October 20, 2016, Jacqueline Dickson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] In it, Ms. Dickson alleged that the influenza ("flu") vaccine she received on October 22, 2013, caused her to develop Guillain-Barré syndrome ("GBS"). Petition (ECF No. 1) at 1. Respondent's Rule 4(c) Report (filed August 11, 2017 (ECF No. 23)) proposed that in fact Petitioner had *not* experienced GBS, and/or that it was diagnosed far too long after the vaccine's administration to be deemed causal. *See* Sections

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

11(c)(1)(D), 13(a)(1). Although Petitioner was provided an opportunity to file an expert report, she was unable to secure an expert to support her claim, and instead filed a Motion for Ruling on the Record, dated October 31, 2017 (ECF No. 24). Respondent thereafter opposed Petitioner's entitlement to a damages award by response dated November 14, 2017 (ECF No. 25) ("Opp."). I dismissed the case by decision dated April 17, 2018 (ECF No. 27), and my determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated November 20, 2018 (ECF No. 31) ("Motion"). In it, she requests fees in the total amount of $12,670.00, reflecting the work of attorney Kathy Brown, Esq., on this matter from February 2017 (after she appeared on behalf of Petitioner, who initiated the matter as a *pro se* litigant) until the filing of the present fees request (36.2 hours billed at a rate of $350 per hour). *See* Fees Invoice, appended to Motion as ECF 31-1. She also requests a costs award of $4,322.51, reflecting copying, postage, and the costs of an expert consultation,³ plus $58.00 to be awarded directly to the Petitioner herself, for copying costs she incurred while she was *pro se*. ECF Nos. 31-1 and 31-2.

Respondent reacted to the present fees request on December 4, 2018 (ECF No. 32). He indicated his view that "the statutory requirements for an award of attorneys' fees and costs are met in this case," but left determining the reasonable amount of such an award to my discretion. ECF No. 32 at 2-3.

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. Rather, such a claim must possess "reasonable basis" – meaning that it had some amount of objective basis upon which to proceed, in light of the "totality of the circumstances. *See*, *e.g.*, *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (*citing McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

---

³ Petitioner has not provided a specific invoice detailing the expert's hourly rate or the specific tasks performed. Because the total amount for this expert assistance was modest ($3,000.00), and likely assisted Petitioner in determining that her claim was not viable, I will reimburse the requested sum in this case – but counsel is admonished in the future to file supporting invoices and documentation for expert work if she wishes reimbursement for it.

Here, I find Petitioner's claim had sufficient objective basis to entitle her to a fee award under the applicable reasonable basis analyses. Claims that the flu vaccine caused GBS are common enough in the Program (and successful enough) to have at least superficial credibility – although that is of course not the standard for reasonable basis. However, in this case, although the claim was unsuccessful, it was based on evidence of *some* injury that resembled GBS. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

In this case, Petitioner requests $350 per hour for Ms. Brown for work performed in 2017 and 2018. ECF No. 31-1 at 1-2. The hourly rate is reasonable under the circumstances of this case, and will therefore be awarded as requested.[5] I also find that the work performed on the matter was

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[5] Ms. Brown practices in Charleston, West Virginia, and has seventeen years of experience. Affidavit of Kathy A. Brown, appended to Motion as ECF No. 31-3. Her requested hourly rate amounts to near the in-forum rates set forth *in McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). However, I have not previously determined whether Ms. Brown should receive forum rates – although the fees motion does attempt to make the case that the requested rate is reasonable, both in light of Ms. Brown's experience as well as the prevailing market rate where she practices.

Because the total sum requested appears reasonable, and given Respondent's deferral of resolution of this matter to my

reasonable, even in light of the claim's dismissal. Accordingly, all time requested shall be awarded in full, without adjustment.

Finally, Petitioner requests $4,322.51 in costs associated with this matter. The requested costs include fees related to medical records, a single expert consultation, court costs, postage, photo copies, and long distance communication (all of which are typical expenses incurred in a Vaccine Program case). ECF No. 31-1 at 2. Petitioner also requests reimbursement of $58.00 for copying costs she personally incurred prior to appearance of Ms. Brown as counsel. All requested litigation costs are also reasonable and will be awarded in full.

## CONCLUSION

I hereby GRANT Petitioner's motion for attorney's fees and costs. An award of **$16,992.51** shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Kathy A. Brown, Esq. In addition, a separate check payable solely to Petitioner in the amount of **$58.00** shall also be issued. Payment of these amounts represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

discretion, I do not reach the question of whether Ms. Brown is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this Decision therefore does not constitute such a determination.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.